**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| LARRY ADAMS, | Civil Action No. 06-3314 (JAG) |
| Plaintiff, |  |
| v. | **O P I N I O N** |
| POLICE DEPARTMENT OF JERSEY CITY, et al., |  |
| Defendants. |  |

**APPEARANCES:**

> Larry Adams, Plaintiff pro se
> Jones Farm
> #550419/443992A
> P.O. Box 7100
> West Trenton, NJ 08628

**GREENAWAY, JR.**, District Judge

Plaintiff Larry Adams, currently confined at the Jones Farm, West Trenton, New Jersey, seeks to bring this action in forma pauperis, alleging violations of his constitutional rights, pursuant to 42 U.S.C. § 1983. Based on his affidavit of indigence and the absence of three qualifying dismissals, within 28 U.S.C. § 1915(g), this Court will grant Plaintiff's application to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a), and order the Clerk of the Court to file the complaint.

At this time, this Court must review the complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it

should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, this Court concludes that Plaintiff's complaint shall be dismissed, without prejudice.

## BACKGROUND

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. The following facts are taken from Plaintiff's complaint and are assumed to be true for purposes of this review.

Plaintiff names the Jersey City Police Department, Officer Cappaino, Officer McDonald, and Officer Rizzole, as defendants in this action. He states:

> I make notice to the courts accusing some of Jersey City, New Jersey Police Dept. of abuse of its power, as well as harassment, using racial (offensive communications) subjecting me (plaintiff) to be kicked, shoved or other offensive touching or threat to do so, or engages in repeated conduct with the sole purpose to harass. The defendants violated plaintiff's constitutional rights for intentional misconduct by virtue of alleged conspiratorial actions with [sic] adequately alleges conduct "under color of state law" when engaged in a conspiracy with each other (member of Jersey City Police Dept.) As well as the Jersey City Municipal Courts to deprive (plaintiff) of federal rights.
>
> Plaintiff has been arrested on warrants in which he never received notice of. The Jersey City Police Dept members went on an all out campaign, with one thing in mind- "Get out of our town, and stay off the highway soliciting nigger." I have been issued tickets for soliciting on a public highway, without any knowledge of said tickets. Thirty six warrants were issued by officer Cappaino due to him issuing citations. I was never handed or mailed such tickets.

> I stand out on the highway, and solicit, and because of this behavior, I have been beaten, ribs broken (fractured). I've been spat on, humiliated by these officers. I have been threatened, and have lived in fear for my life. One Officer Mark Rizzole, along with an Officer Russell Mc Donald who has sworn to arrest me anywhere and anytime he sees me. The Jersey City Police Department's (defendant's) conduct, when viewed objectively, manifest maliciousness and with an intent to harass and annoy the (plaintiff). They are vengeful, totally unprofessional in their conduct.

(Complaint, Attached Letter).

Plaintiff asserts claims of racial profiling, harassment, filing false warrants, malicious prosecution, physical injury, slander, libel, and defamation. He offers no other details concerning the incidents of which he complains.

Plaintiff asks for monetary and other relief.

## DISCUSSION

**A.   Standard of Review**

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

3

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice.  See Alston v. Parker, 363 F.3d 229 (3d Cir. 2004); Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

**B.  Section 1983**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his or her constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.     Plaintiff's Complaint Will Be Dismissed, Without Prejudice.**

Plaintiff asserts general causes of action against the defendants, without describing any specific incidents. Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." While a plaintiff "need not plead facts," so long as the complaint meets the notice pleading requirements of Rule 8, see Alston v. Parker, 363 F.3d 229, 233-34 and n.6 (3d Cir. 2004), a complaint must plead facts sufficient at least to "suggest" a basis for liability, Spruill v. Gillis, 372 F.3d 218, 236 n.12 (3d Cir. 2004) (clarifying Alston).

In this case, Plaintiff makes conclusory allegations that defendants filed false warrants, threatened him with bodily injury, threatened to arrest him, physically injured him, and

maliciously prosecuted him.  Plaintiff does not plead sufficient facts with regard to these causes of action to suggest a basis for liability against the named defendants.

  1.  Excessive Force

A claim of excessive force by law enforcement officials in the course of an arrest, investigatory stop, or other seizure of a free citizen is analyzed under the Fourth Amendment's reasonableness standard.  See Graham v. Connor, 490 U.S. 386, 395 (1989); Nelson v. Jashurek, 109 F.3d 142, 145 (3d Cir. 1997); United States v. Johnstone, 107 F.3d 200, 204 (3d Cir. 1997). The reasonableness inquiry is an objective one:  "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation."  Graham, 490 U.S. at 397; see also Mosley v. Wilson, 102 F.3d 85, 94 (3d Cir. 1996); Baker v. Monroe Tp., 50 F.3d 1186, 1193 (3d Cir. 1995). It "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Graham, 490 U.S. at 396.

Here, Plaintiff states only that he was subjected to kicking, shoving or other offensive touching "or threat to do

so." He also states that he has been beaten and his ribs broken. It is possible that Plaintiff may be able to allege facts indicating that he was subject to excessive force either during his arrest or otherwise. But, Plaintiff fails to connect these acts to the named defendants.[1] He also does not indicate when these actions occurred. Therefore, Plaintiff has not set forth a "short and plain statement of the claim showing that [he] is entitled to relief" as against these defendants. See Fed. R. Civ. P. 8(a).

　　2.　Harassment

Mere verbal harassment does not rise to the level of a constitutional deprivation so as to qualify for a claim under section 1983, "unless fulfillment of the threat was conditioned on Plaintiff exercising some constitutionally protected right." See Bieros v. Nicola, 860 F. Supp. 226, 233 (E.D. Pa. 1994)(citing Prisoners' Legal Ass'n v. Roberson, 822 F. Supp.

---

[1] If Plaintiff does not know the exact identity of the proper defendants who were personally involved in the alleged violations against him, he may plead "John Doe" and/or "Jane Doe" as defendants. Courts within this circuit have permitted "fictitious-defendant pleading." See Rolax v. Whitman, 175 F. Supp.2d 720, 728 (D.N.J. 2001)(citing Hindes v. F.D.I.C., 137 F.3d 148, 155 (3d Cir. 1998))(other citations omitted), aff'd, 53 Fed. Appx. 635 (3d Cir. 2002). The use of fictitious defendants is permitted until the plaintiff has had an opportunity to conduct discovery. See White v. Fauver, 19 F. Supp.2d 305, 312 n.8 (D.N.J. 1998). However, "fictitious parties must eventually be dismissed, if discovery yields no identities." Hindes v. F.D.I.C., 137 F.3d 148, 155 (3d Cir. 1998).

185, 189 (D.N.J. 1993); Murray v. Woodburn, 809 F. Supp. 383, 384 (E.D. Pa. 1993); Hodgin v. Agents of Montgomery County, 619 F. Supp. 1550, 1553 (E.D. Pa. 1985); Ricketts v. Derello, 574 F. Supp. 645, 647 (E.D. Pa. 1983).  Racially discriminatory statements, racial slurs and epithets, without more, also do not establish liability under § 1983.  See, e.g., Shabazz v. Cole, 69 F. Supp.2d 177, 200-01 (D. Mass. 1999) ("without even a suggestion of physical injury, [defendants'] verbal abuse and racial epithets, although continuing for a long period of time, fall short of conscience shocking conduct").

In this case, Plaintiff makes vague allegations of harassment, stating that he has been humiliated, threatened, annoyed, and harassed.  Plaintiff, however, does not allege facts indicating that the defendants' threats were of such a nature so as to state a constitutional violation.

    3.   Malicious Prosecution

In order to state a prima facie case for a § 1983 claim of malicious prosecution, pursuant to the Fourth Amendment, a plaintiff must establish the elements of the common law tort as it has developed over time, Hilfirty v. Shipman, 91 F.3d 573, 579 (3d Cir. 1996), and that there has been a seizure, Gallo v. City of Philadelphia, 161 F.3d 217, 222 (3d Cir. 1998); Luthe v. Cape May, 49 F. Supp.2d 380, 393 (D.N.J. 1999).

Under New Jersey law, the common law tort elements of a malicious prosecution action arising out of a criminal prosecution are: (1) the criminal action was instituted by the defendant against the plaintiff, (2) it was actuated by malice, (3) there was an absence of probable cause for the proceeding, and (4) the criminal proceeding was terminated favorably to the plaintiff. See Lind v. Schmid, 67 N.J. 255, 262 (1975). A plaintiff attempting to state a malicious prosecution claim must also allege that there was "'some deprivation of liberty consistent with the concept of seizure.'" Gallo, 161 F.3d at 222 (quoting Singer v. Fulton County Sheriff, 63 F.3d 110, 116 (2d Cir. 1995)); see Albright v. Oliver, 510 U.S. 266 (1994). Ordinarily, the statute of limitations on a malicious prosecution claim begins to run on the date the plaintiff receives a favorable termination of the prior criminal proceeding. See Heck v. Humphrey, 512 U.S. 477, 489 (1994).

Here, Plaintiff states that he has been maliciously prosecuted and racially profiled, but does not state any facts in support of these allegations, except that false warrants were issued. He does not allege that he has received a favorable termination regarding the criminal proceeding in order to allow his claim to proceed in this case.

    4.   <u>State Law Claims</u>

Plaintiff also makes conclusory allegations against the defendants for slander, libel, and defamation. These are state law claims. Pursuant to 28 U.S.C. § 1367(c)(3), where a district court has dismissed all claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over a related state law claim. The Court of Appeals for the Third Circuit has held that, where all federal claims are dismissed before trial, "the district court <u>must</u> decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." <u>Hedges v. Musco</u>, 204 F.3d 109, 123 (3d Cir. 2000) (citations omitted). As no such extraordinary circumstances appear to be present, this Court will dismiss Plaintiff's potential state law claims, without prejudice.

## CONCLUSION

Based on the foregoing, Plaintiff's complaint will be dismissed, without prejudice. <u>See</u> <u>Alston</u>, 363 F.3d at 234 n.7 (stating that with a complaint that makes "little sense," District Court could have dismissed complaint without prejudice, to permit Plaintiff to amend the complaint to make it plain). The Court notes that "generally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without

10

affecting the cause of action." <u>Martin v. Brown</u>, 63 F.3d 1252, 1257-58 (3d Cir. 1995)(quoting <u>Borelli v. City of Reading</u>, 532 F.2d 950, 951 (3d Cir. 1976)).

In this case, if Plaintiff can correct the deficiencies of his complaint, he may file a motion to reopen these claims in accordance with the attached Order.

<u>S/Joseph A. Greenaway, Jr.</u><br>JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated: November 29, 2006